### LINEAR ET AL. *v.* LYRAS.

[No. 28,837.   Filed October 4, 1951.]

*C. L. Howard,* of Gary, and *John L. Mattocks,* of Indianapolis, for appellants.

*George & George,* of Gary, for appellee.

DRAPER, C. J.—The appellee filed his complaint based on Burns' 1949 Replacement, § 33-201 (Bulk Sales Law). The court entered an interlocutory order adjudging the appellant Elizabeth Harden to be a receiver pursuant to the provisions of § 33-203, and she appeals.

One error assigned is the overruling of appellant's demurrer to the complaint. Other assigned errors which raise any question would require us to consider the sufficiency of the evidence.

The appellee questions the sufficiency of appellant's brief. Neither the complaint, the demurrer nor other pleadings are set out in full, nor is the substance set out in sufficient detail. Although the complaint is clearly drawn on the theory of a failure to comply with the requirements of the Bulk Sales Law, appellant says in her brief that "Appellant filed demurrer to said complaint without knowing that said complaint was based on said Bulk Sales Law." A reference to the record substantiates that admission. The memorandum which accompanies the demurrer fails utterly to suggest any particular wherein the complaint fails to state a cause of action.

The appellant's brief contains no condensed recital of so much of the evidence in narrative form as is necessary to present an understanding of the questions presented. Rule 2-17. An exhibit introduced in evidence is neither set out in full nor in substance. The appellant devotes one typewritten page to a statement of her conclusions concerning the testimony of the witnesses and the effect of it.

In the argument only one authority is cited and that one is, so far as we can see, wholly unrelated to the subject of the appeal. The brief is subject to other defects which we need not dwell upon.

The order adjudging appellant to be a receiver under the Bulk Sales Act is affirmed.

NOTE.—Reported in 100 N. E. 2d 827.